UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> HI-TECH AGGREGATE, LLC, et al., <br><br> Defendant(s). | Case No. 2:23-cv-01094-JAD-NJK <br><br> **Order** <br><br> [Docket No. 55] |

Pending before the Court is Plaintiffs' motion for protective order. Docket No. 55. Defendant Hi-Tech filed a response in opposition. Docket No. 57. Plaintiffs filed a reply. Docket No. 58. With respect to the depositions of Hormel, Kievet, and VanderPol, the motion is properly resolved without a hearing. *See* Local Rule 78-1.[1] For the reasons discussed below, with respect to these depositions, the motion for protective order is **GRANTED** in part and **DENIED** in part.[2]

**I.  BACKGROUND**

This is an insurance dispute in which Plaintiffs seek a declaration of non-coverage as to an underlying lawsuit. *See* Docket No. 1. The parties are before the Court on discovery disputes concerning depositions. *See* Docket No. 55.

**II.  STANDARDS**

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking to avoid discovery may seek a protective order. Fed. R. Civ. P. 26(c). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch,*

---

[1] The Court issued a separate order setting a hearing on the motion for protective order as it relates to the deposition of Robertson. *See* Docket No. 59.

[2] Given upcoming deposition dates, the Court advanced the briefing schedule. *See* Docket No. 56. The Court's discussion herein will be somewhat truncated in an effort to resolve the motion practice in prompt fashion.

1

*Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).  "[A] strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**III.   ANALYSIS**

    A.   <u>Jennifer Hormel</u>

Hi-Tech has abandoned its efforts to depose Jennifer Hormel vis-à-vis the served deposition notice.  Docket No. 57 at 5.  Accordingly, this aspect of the motion for protective order will be granted as unopposed.

    B.   <u>Tom Kievet</u>

Plaintiffs raise a number of arguments in their effort for Kievet to avoid sitting for deposition.  Docket No. 55 at 16, 17-21.  As Hi-Tech notes in response, however, *see, e.g.*, Docket No. 57 at 11, Plaintiffs expressly agreed to have Kievet sit for deposition so long as the deposition took place by remote means:

> We previously agreed to forego the subpoena requirement if Hi-Tech would take their depositions via zoom and we remain willing to live up to that agreement.  There is no reason, at all, why these depositions cannot move forward with zoom.  There were no audio or video issues with the prior deposition by zoom.  Any issues on your end with exhibits can easily be alleviated with a minimum of diligence and preparation by the deposing attorneys.  Neither Mr. Greeley nor Mr. Kivet [sic] will be produced in Nevada.  HiTech may choose whether it will take these depositions by zoom, in the location of the non-party fact witness, or not at all.  Upon Hi-Tech's agreement to take these depositions by zoom or at the witnesses' respective location, we will coordinate dates.

Docket No. 53-12 at 2-3 (footnote omitted).[3]  Moreover, Hi-Tech consented to taking this deposition remotely.  *See, e.g.*, Docket No. 57 at 7 n.17; Docket No. 55 at 5.  Courts routinely hold parties to their compromise positions taken during the conferral process.  *See, e.g.*, *D.S. v. Clark*

---

[3] Plaintiffs strain credulity in asserting that there was an "offer, generally, to provide witnesses via Zoom" that somehow did not mean that they had agreed that Kievet would sit for a remote deposition.  *See* Docket No. 55 at 6.  Such an assertion is belied by the letter itself indicating that Plaintiffs would agree to "these depositions" taking place remotely and that the only loose end was coordinating dates.  *See* Docket No. 53-12 at 2-3.

2

*Cnty. Sch. Dist.*, 2023 WL 3584256, *2 n.4 (D. Nev. May 22, 2023) (citing *Underwood v. O'Reilly Auto Enters., LLC*, 2022 WL 4359096, at *2 (D. Nev. Sept. 20, 2022)). Given the positions taken by the parties, Kievet's deposition will go forward by remote means.

The arguments with respect to Kievet also fail for a second, independent reason: Plaintiffs failed to timely seek relief prior to Kievet's scheduled deposition and their earlier motion for protective order was denied as untimely and improper. *See* Docket No. 54. A litigant cannot file a last-minute motion for protective order, have that motion denied, have the deponent violate his duty to appear at that deposition, and then file a renewed motion for protective order rearguing the same points that were just rejected as improperly presented. "Indeed, it would make little sense that a court would deny protection from an imminent deposition based on the untimeliness of a motion for protective order as simply a means to kick the can by allowing the movant to avoid the deposition and consequent sanctions based on the same untimely arguments raised at an even later date after the deposition was supposed to take place." *ProDox, LLC v. Prof. Doc. Servs., Inc.*, 341 F.R.D. 679, 684 (D. Nev. 2022). Quite plainly, Plaintiffs' opportunity to try to avoid Kievet sitting for deposition has already come and gone.

Hence, Plaintiffs' arguments as to Kievet's deposition have been forfeited both by the compromise position taken by Plaintiffs during the conferral process and by Plaintiffs' failure to raise these arguments in timely fashion before the deposition was set to take place. Accordingly, this aspect of the motion for protective order will be denied.

C. <u>Wes VanderPol</u>

Plaintiffs argue that the deposition notice to Wes VanderPol is defective in that his deposition must be obtained through subpoena. *See, e.g.*, Docket No. 55 at 16-17.

A party may depose a person by serving "reasonable written notice." Fed. R. Civ. P. 30(b)(1). "If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a non-party's attendance can be compelled only by subpoena." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F. 3d 1146, 1158 (9th Cir. 2010). "In the context of a corporate party, a natural person is deemed a party for Rule 30(b)(1) notice purposes if that person is the party's officer, director, or managing agent." *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape*

3

*Maintenance Ass'n*, 316 F.R.D. 327, 332 (D. Nev. 2016) (citing *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 n.1 (C.D. Cal. 2005)). The party seeking the deposition bears a modest burden in establishing the prospective deponent's status as a managing agent and close questions should be resolved in favor of allowing the deposition to proceed. *Calderon v. Experian Info. Solutions, Inc.*, 287 F.R.D. 629, 633-34 (D. Id. 2012).

VanderPol is a claims handler. Docket No. 55 at 16. Hi-Tech has provided no factual showing or meaningful argument that VanderPol could be construed as an officer, director, or managing agent. *See* Docket No. 57 at 10-11 (arguing that Kievet and Robertson are properly considered managing agents, but omitting argument as to VanderPol). Hi-Tech has not met its modest burden of showing that this deposition could be obtained merely through notice, as opposed to a subpoena.[4] Accordingly, this aspect of the motion for protective order will be granted.[5]

**IV. CONCLUSION**

For the reasons discussed above, the motion for protective order is **GRANTED** with respect to the depositions of Hormel and VanderPol, and the motion for protective order is **DENIED** with respect to the deposition of Kievet. The deposition of Kievet must take place by June 24, 2024.

IT IS SO ORDERED.

Dated: June 3, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] The parties dispute Plaintiffs' standing to argue VanderPol's nonparty status. Plaintiffs' assertion of standing is more aligned with the governing text, which contemplates a motion for protective order filed by a party "from whom discovery is *sought*." Fed. R. Civ. P. 26(c)(1) (emphasis added). By Hi-Tech serving a deposition notice (rather than a subpoena), Plaintiffs are effectively the parties from whom this discovery is sought. *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D 625, 628 (C.D. Cal. 2005).

[5] As VanderPol is a nonparty, the Court will not opine herein on the other arguments presented. *See Byrd Underground, LLC v. Automatic Data Processing, Inc.*, 2024 WL 95392, at *1 (D. Nev. Jan. 9, 2024) (D. Nev. Jan. 9, 2024) (noting that a party lacks standing to raise relevance or undue burden objections on behalf of a nonparty); *see also* Fed. R. Civ. P. 45(d)(3)(A), (B) (motions to quash a subpoena must be filed in "the court for the district where compliance is required").