UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, *et al.*, <br> Plaintiffs, <br> v. <br> HI-TECH AGGREGATE, LLC, *et al.*, <br> Defendants. | Case No. 2:23-cv-01094-JAD-NJK <br> **Order** <br> [Docket No. 69] |

Pending before the Court is Plaintiffs' motion to reopen discovery due to changed scope of litigation following Defendant Hi-Tech Aggregate, LLC's ("Defendant") amended counterclaim. Docket No. 69. Defendant filed a response. Docket No. 74. Plaintiffs filed a reply. Docket No. 78. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

I.  Background

Plaintiffs brought this action against their insured, Defendants Hi-Tech Aggregate, LLC, and Pavestone, LLC, seeking declaratory relief in which Plaintiffs asked the Court to review four insurance polices to determine any obligations Plaintiffs have in regard to indemnifying Defendant for certain portions of two judgments in an underlying suit. Docket No. 69 at 2. On August 26, 2024, United States District Judge Jennifer A. Dorsey granted in part and denied in part Plaintiffs' motion for summary judgment and granted Defendant leave to amend its bad-faith and NRS 686A.310 claims. Docket No. 67 at 37. Defendant filed its amended counterclaim on August 30, 2024. Docket No. 68. Plaintiffs submit that the additional allegations in the amended counterclaim vastly expanded the scope of this litigation and, therefore, discovery is now needed to investigate and address these new allegations which, Plaintiffs submit, were not part of the scope of the litigation during the original discovery period. Docket No. 69 at 4.

1

II. Motion to Reopen Discovery

A request to reopen discovery must be supported by a showing of good cause and excusable neglect. Local Rule 26-3; Fed. R. Civ. P. 6(b)(1)(B). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12, 2015 WL 10059063 (D. Nev. Dec. 15, 2015). If that party was not diligent, the inquiry should end. *Johnson*, 975 F.2d at 609.

When a request for relief from case management deadlines is made after the deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors courts may consider when evaluating excusable neglect include (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and, (4) whether the movant acted in good faith. *Id*.

The movant bears the burden of establishing sufficient justification for modification of the case management deadlines. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D 632, 638 (D. Nev. 2021) (citing *Singer v. Las Vegas Athl. Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)); *see also Branch Banking*, 871 F.3d at 765 (affirming denial of request to modify case management deadlines because the movants had not established good cause or excusable neglect). Magistrate judges have broad discretion to manage the discovery process "in the interests of dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Here, Plaintiffs have not demonstrated diligence. *See* Docket No. 69 at 5. The Court issued a scheduling order on October 10, 2023, Docket No. 12, and extended the discovery period twice.

Docket Nos. 43, 49.  Discovery closed on August 12, 2024.  Docket No. 49 at 7.  Plaintiffs have, as a result, had a 307-day discovery period.  Plaintiffs submit that, prior to August 30, 2024, the case was about coverage under four polices for two judgments and claims arising from the issuance of three letters.  Docket No. 69 at 7.  Plaintiffs further submit that the entirety of the case and all the claims pled within it arose out of those writings, all which speak for themselves and, therefore, no discovery was needed during the original discovery period.  *Id*.  However, after the Court denied Plaintiffs' request for a stay of discovery, Docket No. 39, and granted Defendant leave to amend to file compulsory counterclaims, Docket No. 40, even if Plaintiffs believed that discovery was not necessary, they were aware that discovery must proceed further, especially considering Defendant's upcoming counterclaim.  The Court told the parties they must diligently conduct discovery.  Docket No. 43 at 1.  Following Defendant's initial counterclaim, however, Plaintiffs still chose to conduct zero discovery.

Plaintiffs also submit that good cause exists as the amended counterclaim contains a vastly expanded scope of factual allegations.  Docket No. 69 at 7.  However, contrary to Plaintiffs' assertion that "this is a completely different case now," *see* Docket No. 69 at 7, the scope of litigation remains the same.  Both the initial counterclaim and amended counterclaim contain claims for breach of contract, Docket No. 41 at 11-12; Docket No. at 68 11-12, breach of the duty of good faith and fair dealing, Docket No. 41 at 12-13; Docket No. 68 at 12-14, and breach of Nevada statutory duties, Docket No. 41 at 15-16; Docket No. 41 at 13.  No explanation has been provided as to why Plaintiffs did not conduct discovery on these issues, as they were clearly part of the litigation during the discovery period.  Further, Plaintiffs are already in possession of the discovery underlying the facts in the amended counterclaim, as the amended allegations were based on information provided by Plaintiffs during discovery.  Docket No. 74 at 3-4.  Therefore, the Court cannot find diligence.[1]

---

[1] Additionally, a request to extend discovery deadlines must include a specific description of the discovery that remains.  Local Rule 26-3.  Here, Plaintiffs submit that the discovery that remains to be completed includes written discovery to Defendant, depositions of Defendant, designation of expert witnesses, and potential depositions of expert witnesses.  Docket No. 69 at 5-6.  Such a generalized statement does not meet the requirements as set out by the Local Rules.

3

Since Plaintiffs have failed to demonstrate diligence, the Court cannot find good cause to grant the request.[2]

Accordingly, Plaintiffs' motion to reopen discovery is **DENIED**. Docket No. 69.

IT IS SO ORDERED.

Dated: October 23, 2024

Nancy J. Koppe
United States Magistrate Judge

---

[2] As the Court finds that Plaintiffs have not shown good cause, it need not reach the issue of excusable neglect.